Brady, J.
Our statute authorizing a motion for judgment, as in case of nonsuit, for laches in not proceeding with the action after issue joined, is founded upon the statute 14 Geo. 2, c. 17, which was passed in consequence of the delay and expense attending the trial by proviso, which was the only mode in which a defendant could dispose of the issues where the plaintiff neglected to proceed. It was so called from a clause in the venire facias or distringas, which had in it the words “proviso quod,.&e.,” that is, provided that if two writs of venire were issued to the sheriff, one from the plaintiff and one from the defendant, he should execute one of them only and return the other.
The course of procedure to secure it, seems to "have been to procure from the master in the king’s bench or from the. secondaries in the common pleas, a rule for a trial by proviso, after which the venire issued and a trial might be had, but the defendant was to give to the plaintiff the like-notice which the latter would have to give him, and if the plaintiff then did not proceed to trial he might be called and nonsuited (2 Tidd. Pr., 818, 819, 820; 2 Jac. Law Dic., tit. “Proviso;” Id., tit. “Trial”) The defendant by this formula was enabled to bring down the record to the assizes, which it was the plaintiff’s duty to do in the first instance, and to relieve himself of the litigation.
Our present system is the same in effect. It is not necessary to make any application to the court or to "any of its officers, but the defendant has the right to notice the cause for trial and take judgment of dismissal if the plaintiff fail to appear when called. In actions where there is but one defendant this is now the only mode. The provisions of the Code, section 274 (and cases cited in notes Voorhies' Code 1870) relate only to cases where there are several defendants ; and the provisions of the Revised Statutes on the subject are abrogated " by the Code and the abolition of Rule 27 *49 of this court, whicn was in force prior to the adoption Of the new rules in December, 1870.- That rule authorized an application by a single defendant,' but was abolished for the reason that the defendant had the right to proceed to trial by notice therefor and should resort, to that remedy if he wished to put an end to the controversy.
For the reasons assigned, this motion must be denied, but without costs.